UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION



FILED

MAY 1 3 2013

THOMAS C. BRUTON
CLERK, U.S DISTRICT COURT

RASHOUD TREMELL GAYDEN

Case No. 3:13-CV-50050

V.

City of Rockford Police Department

### RENEWED MOTION FOR JUDGMENT AND FOR MISCELLANEOUS RELIEF

COMES NOW, Respondent, Rashoud Tremell Gayden, pro se and moves this Court for relief from judgment. This motion is made pursuant to Federal Rule and Civil Procedure 60 (b) (1) and shall be based upon this Notice, the attached Memorandum of Points and Authorities, the declaration of mistake, inadvertence, surprise, or excusable neglect; the complete files and records of this action, and such other and further oral and documentary evidence as may be presented at the hearing on this motion.

### Memorandum of Points and Authorities

date 5/10/13

Rashoud T. Gayden

# I.    Statement of Facts

Plaintiff filed suit against defendants on or about February 13, 2013 alleging police brutality. See Plaintiffs complaint on file.

At the hearing on May 3, 2013 the plaintiff informs Court that the alleged incident occurred November 9, 2009. The case was dismissed against Plaintiffs wishes. However, this has been an ongoing claim since November 9, 2009 and justice has yet to be served.

See the affidavits attached thereto filed and served concurrently and incorporated herein by reference.

On May 3, 2013, Respondent referred to the police brutality with respect to the Court and the Defendants absence. In the complaint, states an ongoing incident that is reoccurring as supported in the affidavits attached thereto

# II.    Legal Arguments
## A. THE COURT HAS THE POWER TO SET ASIDE THE DEFAULT AND DEFAULT JUDGMENT AGAINST THE PLAINTIFF.

Rule 60 states in pertinent part that "(b) Grounds for Relief from Final Judgment, Order, or Proceeding. On motion and just terms, the Court may relieve a party or its legal representative from final judgment, order, or proceedings for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; and Rule 60 also states that (1) *Timing*. A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

As the default was entered against Plaintiff on May 3, 2013, this motion is timely filed. And as shown by the declaration, their failure to inform the Court of the claim was due in part by mistake, inadvertence, surprise, or excusable neglect in that the hearing was scheduled for status however discovery was compelled by the Magistrate.

WHEREFORE, Respondent prays for Relief from Judgment and an order of compelling discovery and sanctioning the Petitioner for his failure to have done so.

_Rashoud Gayden_     date _5/13/13_

Rashoud T. Gayden

833 Cunningham Ave Apt. #2

Rockford, Illinois 61102

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION


RASHOUD TREMELL GAYDEN

CASE NO. 3:13-CV-50050

V.


CITY OF ROCKFORD POLICE DEPARTMENT

### DECLARATION IN SUPPORT OF RENEWED MOTION FOR JUDGMENT

### AND FOR MISCELLANEOUS RELIEF

I, Rashoud Tremell Gayden, declare and state as follows:

1. I am a self-represented litigant.
2. On, May 3, 2013, I heard the status of the matter before the Honorable Kapala. The court reporter reported the matter.
3. I did not mention the recent chain of events as part of the complaint, thinking it was unnecessary.
4. I believe the court used the incorrect standard for adopting a discovery in this case. The facts of the issue are material to this issue.
5. I know of no prejudice to any party as a result of the granting of this motion.
6. This motion is made in good faith for the reasons set forth above and not for the purposes of delay

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13 day of May, at Rockford, Illinois.

_Rashoud Gayden